IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JASMINE FAIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 3:23-cv-31-ECM |
| ) | (WO) |
| SAVATORE ALEXANDER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Now pending before the Court is the Plaintiff Jasmine Faire's ("Faire") motion to remand (doc. 13), which is opposed by Defendant QFS Transportation, LLC ("QFS"). This dispute arises from a collision that occurred on May 4, 2021 when a vehicle driven by Defendant Savatore Alexander ("Alexander") struck a parked vehicle owned and operated by Defendants QFS and JL Green Trucking Company, Inc. ("JL Green"). Faire was a passenger in Alexander's vehicle at the time of the collision.

Faire initiated this suit on August 22, 2022 in the Circuit Court of Macon County, Alabama. Faire alleges eight total counts against Alexander, QFS, JL Green, and various fictitious defendants. Amongst these claims, Faire alleges that Alexander negligently and or wantonly struck the parked vehicle. Faire also alleges that QFS and JL Green negligently and or wantonly operated their vehicle by parking too close to the side of the road without using cones or flashers.

1

QFS filed a Notice of Removal with this Court on January 12, 2023 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). On February 10, 2023, Faire filed a motion to remand. Upon consideration of the motion, and for the reasons that follow, the Court concludes that the motion to remand is due to be GRANTED.

## II. STANDARD OF REVIEW

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). When a case is removed to federal court, a removing defendant's burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Any questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III. DISCUSSION

Faire argues that this Court lacks diversity jurisdiction. QFS acknowledges that Faire and Alexander are both Alabama citizens, which ordinarily defeats complete diversity. However, QFS alleges in its Notice of Removal that the case became removable on or around "December 14, 2022," when counsel learned that Alexander "skipped bail on

2

a pending charge for domestic violence." (Doc. 1 at 6).  Because Alexander has "skipped bail" and Faire has not been diligent in serving Alexander within the time period provided by the Alabama Rules of Civil Procedure, QFS believes that Faire is unlikely to ever serve Alexander.  Thus, QFS argues, Alexander is fraudulently joined because his continued presence in this lawsuit "is designed solely to defeat diversity jurisdiction." (Doc. 30 at 5).  Accordingly, QFS argues that Alexander's citizenship should be disregarded in the Court's jurisdictional analysis.[1]

Fraudulent joinder allows an exception to the Court's complete diversity requirement if "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.*  The defendant must establish fraudulent joinder "by clear and convincing evidence." *Henderson*, 454 F.3d at 1281.

QFS is correct that "[a] party may abandon claims against a non-diverse defendant by never serving them with the lawsuit, thereby making a case removable." *Faulk v. Husqvarna Consumer Outdoor Prods. N.A., Inc.*, 849 F. Supp. 2d 1327, 1330 (M.D. Ala. 2012).  Indeed, the court in *Davis v. American Medical Security, Inc.* contemplated that a plaintiff's failure to serve a non-diverse defendant "might be described as . . . the belated

---

[1] Because the Court concludes that Alexander is not fraudulently joined, the Court need not address QFS' argument that the amount in controversy is satisfied.

equivalent of a fraudulent joinder." 334 F. Supp. 2d 1292, 1293 (N.D. Ala. 2004). However, *Davis* distinguished between cases in which tardiness in service is "deliberate and calculated" and cases in which tardiness is due to "an excusable bit of sloppiness." *Id.* In the latter situation, the plaintiff's intent to proceed against the defendant "has always been serious, just slow." *Id.* Ultimately, *Davis* granted remand on the condition that the defendant be served within sixty days. *Id.* Contrarily, in *Faulk* the court found that the plaintiff's failure to serve the defendant amounted to fraudulent joinder. *Faulk*, 849 F. Supp. 2d at 1331. In that case, the plaintiff did not attempt to serve the defendant throughout the course of discovery, despite the defendant's presence at a deposition held at plaintiff's counsel's law office. *Id.* at 1330.

In *Faulk*, there was clear evidence that the plaintiff neglected an opportunity to serve the defendant. QFS has not demonstrated that Faire has shown similar neglect in serving Alexander. In fact, Faire has made multiple attempts to serve Alexander. (Doc. 13-3 at 2). By QFS' own admission, Alexander has demonstrated evasive behavior that complicates service. Thus, QFS has not demonstrated that Faire's failure to serve Alexander has been deliberate and calculated. Faire's intent to proceed against Alexander could very well be serious, just slow.[2] And contrary to QFS' argument that service will likely never be effected on Alexander, Faire could effect service by publication. Accordingly, the Court finds that Alexander has not been fraudulently joined. Thus, the Court will consider

---

[2] Faire's claims against Alexander survive the fraudulent joinder analysis on their merits.

4

Alexander's citizenship for diversity purposes.  Because complete diversity amongst the parties is lacking, Faire's motion to remand is due to be GRANTED.[3]

## IV.  CONCLUSION

For the reasons stated above, it is

ORDERED that the Plaintiff's Motion to Remand (doc. 13) is GRANTED.  This action is REMANDED to the Circuit Court of Macon County, Alabama.  The Clerk of the Court is DIRECTED to take the appropriate steps to effectuate the remand.

Done this 18th day of July, 2023.

                                                /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Because diversity is lacking, the Court need not address the timeliness of removal.